Washington,
March,
1832. The town of Marshfield, appellees, *vs.* The town of Montpelier, appellants.

An officer's return upon a *warning-out process*, that he made service in one of two ways, without stating which, one of them being good, and the other bad, is a deficient return.

When several persons are named in one precept, and the officer returns, that he served it regularly on some of them, stating the manner particularly, and then, as to the service upon others, he says, he served it on them, *as above stated*; by its incorporating what is referred to, and that being correct, it is a good return.

The facts in this case appear in the following bill of exceptions, allowed by the judges of the county court, to wit :

"This was an appeal from an order of removal of one *Giles Merritt*, from the town of *Marshfield* to the town of *Montpelier*. Plea, *that the pauper was unduly removed, because his last legal settlement was not in the town of Montpelier*. On which plea issue was joined to the court. On the part of the town of *Marshfield* it was proved, that the pauper, with his family, came to reside in *Montpelier* in the year 1809 ; and continued to reside in said town more than one year. The town of *Montpelier* then offered in evidence a warning served upon the pauper in January, 1810 ; to the admission of which the said town of *Marshfield* objected ; and it was excluded by the court. The town of *Montpelier* then proved, that the pauper removed into the town of Berlin, in March, 1812, with his family, and continued to reside in said town of Berlin one year and one month. It was then proved by the town of *Marshfield* that the pauper, afterwards, in the year 1813, again removed into *Montpelier*, with his family, and continued to reside there two or three years. The town of *Montpelier*, then offered a copy of a warning and service thereon, duly certified ; to the admission of which the town of *Marshfield* objected ; and it was excluded by the court. Judgement was rendered accordingly for the town of *Marshfield*. Both of said precepts were regular ; but the objections were made to the service. The town of *Montpelier* excepts to the decision of the court, in excluding said papers, which are made part of this case, and are hereto annexed."

*The officer's return on the first precept.*

"Caledonia, ss. Montpelier, 22d January, 1810.—By virtue of the within precept, I have summoned all the within named persons to depart the town, agreeable to the within request, as the law directs for the service of summons, by delivering each of them a true and attested copy of this summons with this my return endorsed thereon, or leaving a copy of the same description at their last and usual place of abode in said Montpelier, with some person of discretion, &c.

                    Attest,        *Nathan Doty*, constable."
Recorded January 22d, 1810.
                    Attest,        *Joseph Wing*, town clerk.

WASHINGTON
*March,*
1832.

Marshfield
*vs.*
Montpelier.

*The officer's return on the last precept.*

" Jefferson, ss. Montpelier, May 26, 1813.—I then served this precept on the following persons, by delivering each of them a true and attested copy of the same, with this my return hereon thereon endorsed, to wit. [Here several names are inserted.] And on the 2d day of June, in the said year, 1813, I served this precept on the following persons, as above stated, to wit : *Giles Merritt* and Charles Nelson's family.

Attest,     *Nathan Doty*, constable.

Fees $12,00.—Received June 3d,1813, for record,and recorded.

Attest,     *Joseph Wing*, town-clerk,

*Merrill and Spaulding, for defendants.*—The statute of 1801 directs, that the precept shall be served in the same manner, as is provided for the service of writs of summons, in the 26*th section* of the " act constituting Supreme Courts," &c. The 26*th section,* above referred to, declares, " that all writs of summons shall be " served on the defendant or defendants, by delivering him, her, or " them, a true and attested copy of said writ,with the officer's " return thereon ; or by leaving such copy at the house of his, " her, or their usual abode, with some person of sufficient dis- " cretion, then resident therein," &c.—*Stat.* 64.

The following principles, in relation to the service of this precept, have been settled in this state. " The officer's return on the warning must state the particular situation in which the copy was left.—*Brandon* vs. *Pittsford, Brayton's Rep.* 183. "Where service of a warning to depart, &c., is made by leaving a copy with some person, other than the pauper, at the house, &c., it is essential that the officer certify, that the person, with whom he left the copy, was *then resident therein,*" &c.—*Reading* vs. *Rockingham, 2 Aik. Rep.* 272. " The statute must be strictly pursued, in the service of a warning-out process ; it being wholly a statute regulation."—*Townsend* vs. *Athens,* 1 *Vt. Rep.* 284. " When a warning directs a constable to warn several persons to depart the town, the return must show that the officer left a copy with each."—*Waterford* vs. *Brookfield, 2 Vt. Rep.* 200.

The return of the officer in this case, it is believed, is a strict compliance with the statute in every particular. The statute does not require of the constable to use any particular form of words in his return. It is sufficient, that enough appear to show that he has pursued the statute ; and does not sufficient appear in this return ? The words, " *above stated,*" refer to the mode of service mentioned in the first part of the return, and those words are sufficiently precise to satisfy the severest critic. It is contended,

WASHINGTON
March,
1832.

Marshfield
vs.
Montpelier.

therefore, that the return is a literal compliance with the statute, and that for every purpose, it must be considered the same as though those words had been repeated after the name of the pauper. The service of this warning on the pauper is expressed with as much certainty, as it is in relation to the other persons mentioned in the warning. The certainty in both cases may be denominated a *certainty to every intent in particular.* A reference in one count, in civil cases, to facts mentioned in a preceding count, has always been sufficient, and is considered the same as a repetition of the same facts. So in cases of indictment, where the greatest degree of certainty is required.—1 *Chit. Crim. Law,* 205.

*Smith* and *Peck, for Marshfield.*—The warning of 1810 was properly rejected. The officer's return should show, that the individual, with whom the copy was left, was then resident in the pauper's house. This omission is fatal.—2 *Aik. Rep.* 272. The case, then, turns upon the validity of the warning of May, 1813. To this record it is objected,

1. That it does not appear, that service of this warning was made in *Montpelier.* The constable says, he served it on the pauper " June 2d ;" but does not allege it to have been within his jurisdiction. It might have been served at Berlin, or some place other than *Montpelier,* for aught that appears from the record ; in which case, the service would be void.

2. The record does not show how the warning was served. The language of the return is, " June 2d, I served this precept on the following persons, *as above stated,* to wit, *Giles Merritt,* and Charles Nelson's family." But he has no where set out how he served it on them, as he was directed to do by the statute.—*Comp. Stat.* 64, *s.* 26. In the return next preceding this, he says he served it on the following persons, &c., " as above stated ;" and, in the same manner, he has returned his doings made at several different days. The statute has been strictly followed in the service made on the 26th of May ; and, if the words, " as above stated," refer to the mode of service there adopted, then the fair reading of the return is, " I served this precept on *Giles Merritt,* &c. by leaving a true and attested copy, with William Upham, &c." At all events, it is no more than saying, that the warning was served on the pauper, in the same manner that it was served on Mr. Upham. It is submitted, that every return must be complete in itself, and that it cannot be aided by a reference to the re-

turn of another service. Suppose an officer, having a writ against
A and B, returns, that he served it on A, by attaching certain
personal property, which is specified ; would it be held sufficient
for him to say, that he served it on B, *as above stated*, or in the
same manner as on A, without saying any thing more ? Or, to put
the case of his holding an execution against A and B, which he
executes by levying on, and selling, a horse of A, and pursues all
the requisitions of the statute, which he returns on the execution ;
and he then seizes and sells a horse of B, on the same execution ;
would it be sufficient for him to state in his return, that he levied
on, and sold, said horse, " *as above stated* ? Or, should he set off
a tract of land as the property of A, specially endorsing his doings
on the execution, and he then extends it on another tract as the
property of B ; would any title pass to the creditor, if he should
merely state in his return, that he set off said tract of land, and
caused it to be appraised in the same manner, that he did the par-
cel belonging to A ? It would hardly be urged that this would do.
And how does either case put differ from the one at bar ? Thus,
it is a well settled principle in pleading, that, although several
counts for distinct causes of action may be joined, yet each count
must be complete in itself.    If a plaintiff should in one count allege,
that the defendant promised to pay him $200, in two annual pay-
ments from a given day, it would hardly be deemed sufficient for
him to allege in another count, that the defendant promised to pay
him the further sum of $600, *as above stated*.    An averment of
when, and how, it was to be paid, would be required ; and a re-
ference to the first count, by which all this might be ascertained,
would not cure the defect.    On principle, the objection to the
record in the present case would seem to be equally fatal.    This
Court has, in a great variety of cases, decided, that in pauper cas-
es, nothing is to be taken by intendment ; that the utmost particu-
larity in warning-out processes, is required.—2 *Aik. Rep.* 272 ; 1
*Vt. Rep.* 286.

HUTCHINSON, C. J., *delivered the opinion of the Court.*—
The service of the warning of 1810, during the pauper's first res-
idence in *Montpelier*, is not correct.    The constable has certi-
fied in his return, that he served the summons on the several per-
sons therein named by delivering each of them a true and attested
copy of the same, with this his return endorsed thereon, or leav-
ing a copy of the same description at their last and usual place of
abode in said *Montpelier*, with some person of sufficient discre-

*Margin:* WASHINGTON, March, 1832.

Marshfield
*vs.*
Montpelier.

WASHINGTON
*March,*
1832.

Marshfield
*vs.*
Montpelier.

tion.　He has not informed in which of the two ways he made the service.　There being several persons named in his precept, probably he means, that he served it on some in one of those ways, and on others the other way.　Possibly this might do, if both ways were legally good, and the way he first mentions is according to the statute.　But the service upon those, to whom the copy was not delivered in person, is defective, in not showing that the person of discretion, who received the copy, was resident at the pauper's usual place of abode.　This the statute requires; and it is a reasonable requirement.　If not left with a person of sufficient discretion, it might be treated as of no value, and the pauper, or a defendant, in case of a suit, might never receive it. If left with a person not resident at the usual abode of the pauper, or a defendant, in case of a suit, it might be carried away and he never see it, or hear of it.　This first process of warning-out was correctly excluded by the county court.　But the case shows, that the pauper, *Merritt*, after this, moved to the town of Berlin, and resided there a sufficient time to gain a legal settlement there, which, *prima facie*, discharges *Montpelier*.　The town of *Marsh-field* avoid this by showing, that the same pauper, at the end of his residence in Berlin, moved back into *Montpelier*, and there resided a sufficient time to gain a legal settlement there.　To avoid this the town of *Montpelier* produce copies of the record of a warning-out process in 1813, and before *Merritt's* last residence in said town had continued a year.　This precept is regular; but exception is taken to the constable's return of his service.　His return is perfectly regular with regard to those on whom he made service on the first day.　He made service on different days; and, as to the manner of such later service, says, "as above stated."　Now the question is presented, whether we can, and should, incorporate that, which is thus referred to, and read as if it were here repeated, instead of such reference.　Cases are referred to in argument, to show it too vague and loose for an officer's return to leave a defect, and endeavor to supply it by a reference to something out of his return.　This would probably be so considered. But we discover no such difficulty in a reference to another part of the same return.　The reference in this case is perfectly intelligible.　And, where writings may be shortened by a reference to something already written, we may read the matter referred to instead of the reference merely.　Let us so treat this return, and how does it stand?　The officer says, on the second of June, "I served this precept as above stated, on the following persons, to

wit, *Giles Merritt* and Charles Nelson's family." Now, supply the reference, and it will necessarily read as follows. June 2d, &c., I served this precept on the following persons, by delivering each of them a true and attested copy of the same, with this my return hereon, thereon indorsed, to wit, *Giles Merritt*, &c. This was returned and recorded on the third day of said June, which was in season as relates to this pauper, and some others, on whom service was last made.

It was suggested in argument, that the expression, *as above stated*, in the return, when incorporated, would mean delivering a copy to others, and not to this pauper. But this is not the case, when we incorporate the matter referred to as we have already done, *reddendo singula singulis*, we apply to each person, what belongs to him and the sense is perfectly clear. A suggestion has been made of the difficulty of making one return of a service on several different persons, and a copy left with each, and a copy of his return on each copy. This cannot be literally done. If a summons is to be served on several persons, the only way in which our statute can be literally complied with, is for the officer to write upon his precept a full return, with regard to each person, and copy that return upon the copy he leaves with such person. Yet the statute is substantially complied with, when the officer makes one return upon his precept, therein describing truly his service upon each, and signs it at the bottom, and in fact puts upon each copy so much of this general return, as relates to his copy. That would make, on each copy, a full return of what related to the person with whom this copy is left. This is probably all that is usually done by officers when they make service of a writ of summons on several defendants. We consider the decision of the county court, rejecting this last warning-out process, to be erroneous : their judgement is reversed and

A new trial is granted.